** PART II **
THESE SECTIONS HAVE BEEN CONSTRUED TOGETHER PREVIOUSLY IN COURT CASES AND PRIOR ATTORNEY GENERAL OPINIONS WHEREIN 19 O.S. 162 AND 19 O.S. 180.65 WHERE CONSTRUED TOGETHER SO AS TO GIVE EFFECT TO EACH. SEE PETUSKEY V. CANNON, 742 P.2D 1117 (OKLA.1987); A.G. OPIN. NO.'S 83-200, 80-269 AND 80-295. IN A.G. OPIN. NO. 76-182, THE ATTORNEY GENERAL CONSTRUED 162 AND 19 O.S. 180.65 TOGETHER IN RELATION TO A QUESTION CONCERNING THE APPOINTMENT OF DEPUTY SHERIFFS. HE OPINED THAT 19 O.S. 162 WAS EFFECTIVE TO THE EXTENT IT GAVE THE SHERIFF THE POWER TO APPOINT DEPUTIES, BUT THAT IT WAS SUPERSEDED BY 180.65 AND THE CODE INSOFAR AS THE SALARIES AND WAGES TO BE PAID THE DEPUTIES WERE CONCERNED. THE SAME ANALYSIS WOULD BE APPLICABLE TO YOUR QUESTION CONCERNING 452.
ANOTHER IMPORTANT RULE OF STATUTORY CONSTRUCTION PROVIDES, IN SHORT, THAT WHERE THE LEGISLATURE HAS THE AUTHORITY TO ADDRESS AN AREA, HAS DELINEATED SOME REQUIREMENT RELATED TO THAT AREA, AND YET HAS FAILED TO PROVIDE IN AN ANALOGOUS STATUTE A SIMILAR REQUIREMENT, SUCH SILENCE IS INDICATIVE OF LEGISLATIVE INTENT. CITY OF DUNCAN V. BINQHAM, 394 P.2D 456 (OKLA.1964). IN THIS REGARD, IT IS INTERESTING TO NOTE THAT NEITHER 162 NOR 452 CONTAIN ANY LANGUAGE WHICH EXPRESSLY OR IMPLIEDLY EXEMPTS EMPLOYEES APPOINTED UNDER THEIR PROVISIONS FROM THE SALARY RESTRICTIONS OF THE CODE. THIS IS ESPECIALLY SIGNIFICANT WHEN CONSIDERING 19 O.S. 377 (1991), WHICH DOES EXPRESSLY EXEMPT A DATA PROCESSING TECHNICIAN EMPLOYED BY THE BOARD OF COUNTY COMMISSIONERS FROM THE CODE. THE FACT THAT THE LEGISLATURE HAS EXPRESSLY PROVIDED AN EXEMPTION FROM THE CODE IN ANOTHER APPOINTING STATUTE, BUT NOT IN 162 AND 452 IS INDICATIVE OF LEGISLATIVE INTENT THAT SUCH EXEMPTION NOT BE AVAILABLE TO EMPLOYEES APPOINTED UNDER THOSE STATUTES.
THE CODE DOES PROVIDE ITS OWN BUILT-IN EXCEPTIONS IN 19 O.S. 180.65(D), SUPRA. HOWEVER, THE OPERATION OF THOSE EXCEPTIONS, FOR COUNTY EMPLOYEES WORKING FOR COUNTY OFFICERS WHO EMPLOY ONLY TWO DEPUTIES AND THOSE WHO ARE CONSIDERED "TECHNICAL HELP" EMPLOYED ON A PARTTIME CONTRACT OR WAGE BASIS, ARE DEPENDENT UPON QUESTIONS OF FACT, WHICH CANNOT BE ANSWERED AS A MATTER OF LAW IN AN ATTORNEY GENERAL OPINION.
FINALLY, IT SHOULD BE NOTED THAT ANOTHER RULE OF CONSTRUCTION PROVIDES THAT PROVISIONS OF A LATER STATUTE PREVAIL OVER, OR SUPERSEDE, PROVISIONS OF AN EARLIER STATUTE ON THE SAME SUBJECT WHICH ARE IN IRRECONCILABLE CONFLICT THEREWITH. BOICE V. STATE, 473 P.2D 241 (OKLA.1970); STATE V. EMPIRE OIL CORPORATION, 353 P.2D 130 (OKLA.1960). HOWEVER, NOTHING SHORT OF IRRECONCILABLE CONFLICT WILL DO, SEE, CITY OF SAND SPRINGS V. DEPT. OF PUB. WELFARE, 608 P.2D 1139 (OKLA.1980), AND THE LATER STATUTE MUST COVER THE WHOLE SUBJECT MATTER, SEE, RITCHIE V. RAINES, 374 P.2D 772 (OKLA.CRIM.1962). ADDITIONALLY, IT HAS BEEN HELD THAT THE "LAST IN TIME" RULE IS AN ARBITRARY RULE OF CONSTRUCTION THAT WILL NOT BE APPLIED WHERE THE RESULT WOULD BE TO DEFEAT THE CLEAR LEGISLATIVE INTENT. GENTRY V. BLINN, 84 P.2D 27 (OKLA.1938).
APPLYING THESE AUTHORITIES TO YOUR QUESTIONS, IT BECOMES APPARENT THAT THE "LATER IN TIME" RULE IS NOT APPLICABLE TO EITHER 19 O.S. 162 OR 19 O.S. 452 IN RELATION TO 180.65 AND OTHER PROVISIONS OF THE CODE, FOR SEVERAL REASONS. FIRST, THERE IS NO IRRECONCILABLE CONFLICT. ALL OF THE STATUTES MAY EASILY BE READ TOGETHER TO PROVIDE INDEPENDENT, NON-CONFLICTING AUTHORITY FOR THE HIRING OF CERTAIN EMPLOYEES BY COUNTY OFFICERS. ONLY 180.65 CONTAINS SALARY RESTRICTIONS. THERE IS NO SIMILAR PROVISION IN EITHER 452 OR 162, AND THEREFORE, THERE IS NO CONFLICT. SECOND, THE CODE WAS PASSED AFTER 452. THEREFORE, 452, OF WHICH YOU INQUIRE, COULD NOT BE CONSTRUED TO SUPERSEDE 180.65 UNDER THE "LATER IN TIME RULE" BECAUSE IT WAS PASSED PRIOR TO THE CODE. THIRD, AND LAST, ANY CONSTRUCTION OF 452 OR 162 THAT RESULTED IN EITHER OF THEM SUPERSEDING THE CODE WOULD DO GREAT VIOLENCE TO THE EXPRESSLY STATED INTENT AND PURPOSE BEHIND THE PASSAGE OF THE CODE.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT 19 O.S. 452, WHICH AUTHORIZES THE BOARD OF COUNTY COMMISSIONERS OF COUNTIES HAVING MORE THAN 200,000 RESIDENTS TO SET THE SALARY RATES OF NECESSARY EMPLOYEES OF THE BOARD, DOES NOT EXEMPT EMPLOYEES OF THOSE COUNTIES FROM THE CODE'S COVERAGE. ALSO, EMPLOYEES OF THE BOARD OF COUNTY COMMISSIONERS, AS WELL AS EMPLOYEES OF AN INDIVIDUAL COUNTY COMMISSIONER, ARE WITHIN THE CONFINES OF THE CODE. THE ONLY EXCEPTIONS ARE FOR THOSE COUNTY EMPLOYEES EXPRESSLY EXEMPTED BY STATUTE, THOSE WHO WORK FOR COUNTY OFFICERS EMPLOYING ONLY TWO DEPUTIES OR THOSE WHO ARE "TECHNICAL HELP" EMPLOYED ON A PART-TIME OR WAGE BASIS.
II.
THE COMPREHENSIVE SALARY CODE'S COVERAGE OF THE COUNTY ENGINEER
THERE ARE SEVERAL STATUTES MORE SPECIFIC THAN 19 O.S. 162 AND 19 O.S. 452, SUPRA, WHICH AUTHORIZE THE EMPLOYMENT OF CERTAIN TYPES OF COUNTY EMPLOYEES. FOR EXAMPLE, THE STATUTE REFERENCED IN THE PRECEDING SECTION, 19 O.S. 377 (1991), WHICH AUTHORIZES THE HIRING OF A COUNTY DATA PROCESSING TECHNICIAN BY THE BOARD OF THE COUNTY COMMISSIONERS, IS SUCH A STATUTE. ANOTHER SUCH STATUTE IS 69 O.S. 624 (1991), OF WHICH YOU SPECIFICALLY INQUIRE, WHICH AUTHORIZES THE HIRING OF THE COUNTY ENGINEER BY THE BOARD OF COUNTY COMMISSIONERS. IT PROVIDES, IN PERTINENT PART:
 "(A) THE BOARD OF COUNTY COMMISSIONERS OF EACH COUNTY SHALL EMPLOY ONE OR MORE FULL- OR PART-TIME COUNTY ENGINEERS, WHO SHALL PERFORM THE DUTIES AS PROVIDED BY LAW. THE COUNTY ENGINEER SHALL RECEIVE AS COMPENSATION A SALARY TO BE FIXED BY THE BOARD OF COUNTY COMMISSIONERS FOR HIS SERVICES ON ROAD AND BRIDGE AND OTHER WORK APPERTAINING THERETO, AND ALL NECESSARY AND ACTUAL EXPENSES INCIDENT THERETO."
YOUR SECOND QUESTION ASKS WHETHER THE COUNTY ENGINEER, BY VIRTUE OF HIS APPOINTMENT PURSUANT TO THE FOREGOING STATUTE, IS EXEMPT FROM THE CODE'S COVERAGE. THE ANSWER IS IN THE NEGATIVE, BASED ON ALL OF THE SAME AUTHORITIES WHICH APPLIED TO THE ANALYSIS, SUPRA, OF 162 AND 452 AS WELL AS ADDITIONAL, MORE SPECIFIC AUTHORITIES.
CLEARLY, WHETHER THE COUNTY ENGINEER IS FULL-TIME OR PART-TIME, HE IS A SALARIED EMPLOYEE OF THE BOARD ACCORDING TO THE LANGUAGE OF 624. AND, AS DISCUSSED IN RELATION TO 162 AND 452, THE BOARD IS A "PRINCIPAL OFFICER" WITHIN THE MEANING OF 19 O.S. 180.65, SEE, ADAIR COUNTY EXCISE BOARD V. BOARD OF COUNTY COM'RS, SUPRA. THEREFORE, AS AN EMPLOYEE OF THE BOARD, THE COUNTY ENGINEER WOULD BE A COUNTY EMPLOYEE GOVERNED BY THE CODE'S SALARY RESTRICTIONS.
THE PURPOSE OF THE CODE, AS WELL AS THE BROAD APPLICATION EXPRESSLY INTENDED BY THE LEGISLATURE, INDICATE THAT IT WAS TO EXTEND TO ALL COUNTY EMPLOYEES, BY "WHATEVER TITLE DESIGNATED." THEREFORE, WHETHER IT IS A SECRETARY HIRED PURSUANT TO 452 OR THE COUNTY ENGINEER HIRED PURSUANT TO 624, THE CODE WILL APPLY, ABSENT SOME EXPRESS EXEMPTION SUCH AS THAT PROVIDED THE COUNTY DATA PROCESSING TECHNICIAN. ANY OTHER CONCLUSION WOULD CLEARLY FRUSTRATE THE CODES'S PURPOSE AND THE LEGISLATIVE INTENT BEHIND ITS PASSAGE.
LIKEWISE, A CONSTRUCTION OF BOTH OF THE RELEVANT STATUTES, 624 AND 180.65, GIVING EFFECT TO EACH, RESULTS IN NO IRRECONCILABLE CONFLICT AND IS EASILY ACCOMPLISHED. SECTION 624 AUTHORIZES THE EMPLOYMENT OF THE COUNTY ENGINEER BY THE BOARD OF COUNTY COMMISSIONERS AND ALLOWS THE BOARD TO FIX THE SALARY OF THE COUNTY ENGINEER. SECTION 19 O.S. 180.65 PROVIDES THE LIMITS ON THAT SALARY. THEREFORE, THE BOARD IS ENTIRELY FREE TO FIX THE COUNTY ENGINEER'S SALARY AT ANY LEVEL IT DESIRES, BUT THAT LEVEL MUST BE WITHIN THE LIMITATIONS IMPOSED BY THE CODE.
IT IS ALSO IMPORTANT TO NOTE THAT THE LEGISLATURE HAS CHOSEN NOT TO EXPRESSLY EXEMPT THE COUNTY ENGINEER FROM COVERAGE BY THE CODE. THE IS SIGNIFICANT BECAUSE, THE LEGISLATURE, IN SIMILAR STATUTES, HAS EXPRESSLY EXEMPTED OTHER SPECIALIZED EMPLOYEES SUCH AS THE COUNTY DATA PROCESSING TECHNICIAN. THEREFORE, THE LEGISLATIVE SILENCE IN 624 AS TO SUCH AN EXEMPTION FOR THE COUNTY ENGINEER IS INDICATIVE OF LEGISLATIVE INTENT THAT THE COUNTY ENGINEER NOT BE EXEMPTED.
ALSO, THERE IS A VIABLE ARGUMENT THAT THE "LATER IN TIME" RULE WOULD NOT APPLY TO THE COUNTY ENGINEER'S ENABLING STATUTE. FOR EXAMPLE, THERE IS NO IRRECONCILABLE CONFLICT BETWEEN THE CODE AND 624, AS DISCUSSED ABOVE. AND, EVEN THOUGH 624 WAS PASSED AS A PART OF THE OKLAHOMA HIGHWAY CODE IN 1968, AFTER THE CODE'S PASSAGE, IT STILL MAY NOT EVEN BE A STATUTE WHICH IS "LATER IN TIME" THAN THE CODE BECAUSE IT IS A STATUTE WHICH HAS EXISTED IN SOME FORM OR ANOTHER SINCE THE EARLY 1900'S, ALBEIT UNDER DIFFERENT CITATIONS, SEE, 69 O.S. 294 (1951), AND R.L. 1910, 7583 TO 7585. FINALLY, JUST AS IN THE ANALYSIS OF THE CODE'S COVERAGE OF COUNTY EMPLOYEES HIRED UNDER 452 AND 162, A CONCLUSION THAT THE COUNTY ENGINEER IS NOT COVERED BY THE CODE WOULD BE CONTRARY TO ITS CLEARLY STATED PURPOSE.
A CONCLUSION THAT THE CODE APPLIES TO THE COUNTY ENGINEER IS ALSO SUPPORTED BY PRIOR OPINIONS OF THE ATTORNEY GENERAL. IN A.G. OPIN. NO. 83-069, THE ATTORNEY GENERAL STATED THAT THE SALARY OF THE COUNTY SUPERINTENDENT OF SCHOOLS WAS GOVERNED BOTH BY AN AUTHORIZING STATUTE AND PROVISIONS OF THE CODE. IN A.G. OPIN. NO. 76-256, THE ATTORNEY GENERAL HAD THE OCCASION TO CONSTRUE THE MANDATED SALARY PROVIDED FOR IN A SPECIFIC STATUTE CREATING THE POSITION OF SUPERINTENDENT OF THE COUNTY EMERGENCY SHELTER/POOR FARM IN CONJUNCTION WITH THE PROVISIONS OF THE CODE. THE ATTORNEY GENERAL OPINED THAT THE SPECIFIC STATUTE WAS SUPERSEDED BY THE SALARY PROVISIONS OF THE CODE, BASED PRIMARILY ON THE STATED PURPOSE OF THE CODE. HE ALSO FOUND THAT THE POSITION OF THE SUPERINTENDENT OF THE COUNTY EMERGENCY SHELTER/POOR FARM WAS COVERED BY THE WORDS "OR OTHER HELP" EXPRESSLY FOUND IN 19 O.S. 180.65(A). THE ATTORNEY GENERAL CONCLUDED THAT THE BOARD OF COUNTY COMMISSIONERS COULD PAY THE SUPERINTENDENT APPOINTED UNDER THIS SPECIFIC STATUTE ANY SALARY IT FIXED, WITHIN THE LIMITATIONS SET FORTH IN THE CODE, INCLUDING THAT SUCH SUPERINTENDENT COULD NOT BE PAID IN EXCESS OF EIGHTY PERCENT (80%) OF THE SALARY OF A COUNTY COMMISSIONER. THE SAME ANALYSIS COULD BE APPLIED TO THE POSITION OF COUNTY ENGINEER, I.E., SECTION 624 AUTHORIZES THE APPOINTMENT OF A COUNTY ENGINEER BY THE BOARD OF COUNTY COMMISSIONERS, AND ALLOWS THE BOARD TO FIX HIS SALARY; HOWEVER, THE SALARY MUST BE FIXED PURSUANT TO THE LIMITATIONS PROVIDED FOR BY THE CODE.
IN REACHING MY CONCLUSION, I WAS NOT UNMINDFUL OF THE EXPRESS, BUILT-IN EXCEPTION TO THE 80% LIMITATION WHICH IS PROVIDED FOR IN 180.65(D). SPECIFICALLY, IT PROVIDES, IN PERTINENT PART, THAT "THE EIGHTY PERCENT (80%) LIMITATION SHALL NOT APPLY TO COUNTY OFFICERS EMPLOYING . . . TECHNICAL HELP ON A PART-TIME CONTRACT OR WAGE BASIS . . ." I AM ALSO NOT UNMINDFUL OF THE PRIOR OPINIONS OF THIS OFFICE WHICH HAVE FOUND POSITIONS SUCH AS THOSE OF INDEPENDENT APPRAISERS APPOINTED BY THE COUNTY ASSESSOR TO BE WITHIN THE MEANING OF THE TERM "TECHNICAL HELP," THEREBY EXEMPTING THOSE INDEPENDENT APPRAISERS FROM THE 80% LIMITATION, SEE, A.G. OPIN. NO.'S 83-200, 80-269 AND 80-295.
HOWEVER, THE COUNTY ENGINEER'S SITUATION IS DISTINGUISHED, BOTH LEGALLY AND FACTUALLY, FROM THE POSITION OF INDEPENDENT APPRAISER AND IS NOT A POSITION WITHIN THE MEANING OF THE TERM "TECHNICAL HELP" AS IT IS FOUND IN 19 O.S. 180.65(D). FOR EXAMPLE, THE APPOINTING STATUTES CONSTRUED IN THOSE PRIOR OPINIONS INVOLVING INDEPENDENT APPRAISERS CLEARLY LIMITED THEIR POSITIONS TO ADVISORY DUTIES ONLY. SUCH PERSONS ARE CLEARLY LIMITED TO SPECIFIED SHORT TERM DUTIES AND ARE NOT PROVIDED THE PANOPLY OF BENEFITS PROVIDED TO REGULAR COUNTY EMPLOYEES. ON THE OTHER HAND, 624 IS QUITE DIFFERENT, SIMPLY AUTHORIZING THE EMPLOYMENT OF THE COUNTY ENGINEER AT A SALARY TO BE FIXED BY THE BOARD. OUTSIDE OF THE FACT THAT HIS DUTIES MAY BE SOMEWHAT SPECIALIZED IN THE AREA OF ROADS AND HIGHWAYS, ALL OTHER STATUTORY INDICATIONS ARE THAT HE IS A REGULAR, SALARIED EMPLOYEE OF THE BOARD OF COUNTY COMMISSIONERS, SIMILAR TO ANY OTHER EMPLOYEE.
IN STATE V. BEELER, 327 P.2D 664 (OKLA.1958), THE OKLAHOMA SUPREME COURT HAD OCCASION TO SETTLE A DISPUTE CONCERNING COMPENSATION RECEIVED BY A COUNTY ENGINEER FROM FEDERAL GOVERNMENT SOURCES FOR WORK RELATED TO FEDERAL PROJECTS. THROUGHOUT THE OPINION, IT IS CLEAR THAT THE COURT VIEWS A COUNTY ENGINEER APPOINTED UNDER 624 AS A REGULAR, SALARIED COUNTY EMPLOYEE.
IT IS MY UNDERSTANDING FROM SPEAKING WITH CERTAIN COUNTY OFFICIALS THAT MOST COUNTY ENGINEERS ARE PAID AT THE SAME INTERVALS AS OTHER COUNTY EMPLOYEES AND RECEIVE SIMILAR BENEFITS AS OTHER COUNTY EMPLOYEES. EVEN THOUGH HIS DUTIES ARE SOMEWHAT SPECIALIZED, THE COUNTY ENGINEER IS NO MORE "TECHNICAL HELP" THAN A COUNTY HUMAN RESOURCES MANAGER, ACCOUNTANT OR OTHER PROFESSIONAL WHO IS COVERED BY THE CODE. FOR THESE REASONS, IT IS MY CONCLUSION THAT "TECHNICAL HELP" EMPLOYED ON A PART-TIME CONTRACT OR WAGE BASIS, AS USED IN 180.65(D), APPLIES TO NON-PERMANENT, SHORT-TERM OR ONE-TIME EMPLOYEES, SUCH AS SPECIAL CONSULTANTS, AND NOT TO A STATUTORILY MANDATED POSITION SUCH AS THE COUNTY ENGINEER WHO IS EMPLOYED ON A PERMANENT FULL-TIME OR PART-TIME BASIS WITH A FIXED, REGULAR SALARY AND SIMILAR BENEFITS AS OTHER COUNTY EMPLOYEES COVERED BY THE CODE.
CONCLUSION
UNDER 19 O.S. 162 AND 19 O.S. 452, AS WELL AS 19 O.S. 180.65, COUNTY OFFICERS HAVE AMPLE STATUTORY AUTHORITY TO EMPLOY NECESSARY DEPUTIES, ASSISTANTS, AIDES AND OTHER EMPLOYEES. THESE COUNTY OFFICERS ARE ALSO GENERALLY AUTHORIZED TO FIX THE SALARIES OF THOSE EMPLOYEES. THE ONLY LIMITATIONS UPON COUNTY OFFICERS ARE THOSE RESTRICTIONS, INCLUDING SALARY CAPS, FOUND IN THE COMPREHENSIVE SALARY CODE, 19 O.S. 1991, 180.58 — 180.68. OTHER LIMITATIONS IN THE CODE, IN ADDITION TO ITS SALARY CAPS, INCLUDE PROHIBITIONS AGAINST EXCEEDING THE AMOUNT OF LAWFUL FUNDS APPROPRIATED FOR EMPLOYMENT PURPOSES OR MAKING SALARY COMMITMENTS BEYOND THE AMOUNT OF THE FUNDING PROVIDED BY THE EXCISE BOARD, SEE, 19 O.S. 180.65(A) AND 19 O.S. 180.65(F).
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT ALL COUNTY EMPLOYEES, EXCEPT AS NOTED BELOW, ARE GOVERNED BY THE CODE, INCLUDING EMPLOYEES OF INDIVIDUAL COUNTY COMMISSIONERS AND EMPLOYEES OF BOARDS OF COUNTY COMMISSIONERS. THE ONLY EXCEPTIONS ARE FOR THOSE WHO ARE "TECHNICAL HELP" EMPLOYED ON A PART-TIME CONTRACT OR WAGE BASIS, THOSE WORKING FOR COUNTY OFFICERS EMPLOYING ONLY TWO DEPUTIES OR THOSE COUNTY EMPLOYEES EXPRESSLY EXEMPTED BY STATUTE, SUCH AS THE COUNTY DATA PROCESSING TECHNICIAN. THE COUNTY ENGINEER IS NOT EXPRESSLY EXEMPTED BY STATUTE AND IS NOT OF THE CLASS OF "TECHNICAL HELP" CONTEMPLATED BY THE CODE AND IS, THEREFORE, ALSO A COUNTY EMPLOYEE WHOSE SALARY LIMITS ARE SET BY THE CODE.
(WILLIAM D. LAFORTUNE)